MARKS ADJUSTABLE FOLDING CHAIR Co., Limited, *v.* WILSON *et al.*

*(Circuit Court, S. D. New York. July 22, 1890.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENTS—INVALID CHAIRS.
    Claim 1 of letters patent No. 173,071, issued February 1, 1876, to C. V. Sheldon for improvements in invalid chairs, is necessarily limited by the specifications to a chair in which the pawls, *a*, are located near the center of gravity of arms, E, and in which the bar, S, is below the point of suspension of the pawls; and said patent is not infringed by the Bohsert chair, in which the ends of the rod engage racks below the seat, and the pawls, *a*, above the rod, S, are omitted.
2. SAME—PRIOR STATE OF THE ART.
    Claim 2, which is for the pawl plate, K, on the foot-rest, I, in combination with ratchet bars, L, attached to the chair legs, is not, in view of the limited interpretation required by the prior state of the art, infringed by the Bohsert chair.
3. SAME—COSTS.
    Where complainant fails upon the main issues, and succeeds only upon an issue of trivial importance, costs will not be allowed.

In Equity.

This suit is brought by the Marks Adjustable Folding Chair Company, Limited, for an alleged infringement by John M. Wilson and Andrew M.

Wilson of the first and second claims of United States letters patent No. 173,071, granted February 1, 1876, to Cevedra B. Sheldon, for an improvement in invalid chairs and lounges. The patent recites:

"My invention relates to that class of easy chairs which have an adjustable foot-rest arranged to be raised upon its pivots to a horizontal position, and a back to fall down on a level with the seat, to form a bed or lounge, * * * and the invention consists of an improved contrivance of the adjusting back support, and also improved contrivance of the adjusting foot support."

The first and second claims of the patent in issue herein are as follows:

"(1) The arms, E, pivoted to the front standard, C, and having pawls, *a*, upon their inner sides, in combination with the ratchet bars, F, placed below the upper edge of the seat bars and the connecting rods, S, beneath the seat, rigidly attached to the pendent extremities of the arms, substantially as set forth. (2) The pawl plate, K, on the foot-rest braces, I, in combination with ratchet bars, L, attached to the chair legs, substantially as specified."

Concerning the first claim the patent states:

"My improvement of this part of the chair consists of the ratchet bars, F, attached to the sides of the seat frame, in combination with the arms, E, rigidly attached to and connected by a rod, S, passing beneath the seat, the said arms carrying upon their inner sides pawls, *a*, which engage with the ratchet-bars.

"The arms, E, are pivoted to the standards, C, so as to allow the pawls, *a*, to rest from their own gravity, and that of the hanging-rod, S, naturally upon the ratchets, for holding the back up. * * * The arms, E, extend some distance below the seat, and thereby bring the pawls near the center of gravity of the said arms, thus diminishing the chances of accidental displacement.

"The bar, S, connecting the arms, holds the pawls in proper lateral position, makes them both operate simultaneously, and its weight, being below the point of suspension, gives steadiness to the devices, and insures the automatic engagement of the pawls with the ratchet."

And concerning the second claim the patent recites:

"G is the foot-rest frame, which is pivoted to the chair-seat in the ordinary way at H, and has legs, I, to hold it up for a bed, and also to hold it at different inclinations for a foot-rest to the chair. Commonly, these legs have had a series of notches in the under side to catch on the cross-bar, J, to hold the rest up more or less; but the arrangement is unsatisfactory, as the notches have to be a certain width for the thickness of the bars, and a certain distance apart for strength, which, together, prevent making the adjustment as fine as it is desired. I therefore attach a thin pawl blade, K, to the ends of these legs, and attach firmly-notched ratchet bars, L, to the chair legs, to receive the same, and thus obtain the fine adjustment desired."

In the Bohsert chair, which is claimed to be an infringement of the patent, the ends of the rod engage racks below the seat; and the pawls, *a*, above the rod, S, are omitted.

*Andrew J. Todd,* for complainant.

*Jeroloman & Arrowsmith,* (*Charles C. Gill,* of counsel,) for defendants.

WALLACE, J. At the hearing of this cause, I decided that the defendants had not infringed the second claim of the patent in suit, in

view of the limited interpretation of that claim required by the prior state of the art, and reserved for further consideration the question of the validity of the first claim, and its infringement by the defendants. After an examination of the record, I am of the opinion that the first claim is not destitute of novelty, or otherwise invalid, but that it is necessarily limited by the language of the specification to a chair in which the pawls, *a*, are located near the center of gravity of the arms, E, and in which the bar, S, is below the point of suspension of the pawls. Upon this construction the claim is not infringed by the Bohsert chair. The defendants have infringed the claim by the sale of three chairs, part of a lot of four or five that they purchased with the stock in trade of their predecessor in business. The complainant is consequently entitled to a decree; but as it has failed upon the main issues in controversy, and has succeeded only upon an issue of trivial importance, costs will not be allowed.